IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr109-MHT |
| | ) | (WO) |
| ANTONIO OSCAR TATUM | ) | |

OPINION AND ORDER

This case is before the court on defendant Antonio Oscar Tatum's unopposed motion to continue trial. Based on the representations made on the record on February 22, 2019, and for the reasons set forth below, the court finds that jury selection and trial, now set for March 13, 2019, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides, in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

> offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Tatum in a speedy trial. Defense counsel initially sought a continuance based on

two pending motions, in which Tatum requested funds to compensate the services of his DNA and fingerprint experts. Although the United States Magistrate Judge has since granted Tatum's motions for funds, the parties have requested additional time for the defense experts to receive and examine the DNA and fingerprint analyses. The court concludes, therefore, and both parties agree, that a continuance is warranted to allow Tatum and his counsel the opportunity to prepare fully and effectively for trial.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Antonio Oscar Tatum's motion to continue (doc. no. 102) is granted.

(2) The jury selection and trial, now set for March 13, 2019, are reset for April 8, 2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street,

3

Montgomery, Alabama.

DONE, this the 26th day of February, 2019.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**