IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA     )
                             )    CRIMINAL ACTION NO.
     v.                      )        2:18cr109-MHT
                             )             (WO)
ANTONIO OSCAR TATUM          )
```

ORDER

Upon consideration of defendant Antonio Oscar Tatum's motion for home confinement pursuant to the First Step Act (doc. no. 178), it is ORDERED that the motion is denied.

To the extent Tatum asks the court to order the Bureau of Prisons to place him on confinement, the court cannot grant the requested relief.  The BOP has the sole authority to place a prisoner in its home confinement program.  *See de Jesus v. Woods*, No. 2:19-CV-121-WHA, 2019 WL 3326199, at *4 (M.D. Ala. June 21, 2019), report and recommendation adopted, No. 2:19-CV-121-WHA, 2019 WL 3323736 (M.D. Ala. July 24, 2019).

To the extent Tatum seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1), he has failed to

show sufficiently compelling circumstances warranting release. Section 3582(c)(1) authorizes a court to modify a term of imprisonment in only certain limited circumstances. As relevant here, it states:

> "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A). The "applicable policy statement" with which relief under § 3582(c)(1)(A) must be consistent is U.S.S.G. § 1B1.13 cmt. n.1. In that

policy statement, the Sentencing Commission provides three types of specific circumstances that would entitle a defendant to relief: (A) a medical condition of the defendant substantially reduces his ability to provide self-care in prison, (B) the advanced age of the defendant, and (C) the defendant's family circumstances. The Commission also included a 'catchall' provision where the Director of the BOP finds "other reasons" exist that are "extraordinary and compelling." U.S.S.G. § 1B1.13 cmt. n.1(D).

Having considered the 18 U.S.C. § 3553(a) factors, the court finds that Tatum has failed to show that "extraordinary and compelling reasons warrant" a reduction of his sentence at this time. 18 U.S.C. § 3582(c)(1)(A). As support for his motion, Tatum notes that he was convicted of a non-violent offense, that he has 60 months remaining on his 100-month sentence, and that, if released, he has place to live

3

with a landline for electronic monitoring. These are not extraordinary and compelling reasons for release. He also claims that there have been COVID-19 cases and deaths at U.S. Penitentiary in Atlanta where he is incarcerated. As of today's date, the Bureau of Prisons reports that there are two active inmate cases and six active staff cases, along with 15 recovered inmates, three recovered staff, and no deaths. *See* https://www.bop.gov/coronavirus/ (last accessed June 4, 2020). While the COVID-19 outbreak at the prison is certainly concerning, the presence of COVID-19 cases alone is not an extraordinary and compelling reason warranting release, particularly because Tatum does not claim to have any medical conditions that make him particularly susceptible to complications from the disease, and because the outbreak does not appear to be out of control.

DONE, this the 4th day of June, 2020.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**