IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr109-MHT |
| | ) | (WO) |
| **ANTONIO OSCAR TATUM** | ) | |

OPINION AND ORDER

Upon consideration of defendant Antonio Oscar Tatum's motion for reconsideration and motion for compassionate release (doc. no. 184), it is ORDERED that the motions are denied.

\*\*\*

Tatum seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1) in order to care for his mother, whom he contends is ailing and lives alone. Section 3582(c)(1)(A) states, in relevant part:

> "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without

> conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A). Tatum has failed to meet the statutory requirements for a sentence reduction.

First, Tatum has not shown (1) that he presented a formal request to his facility's warden for the Bureau of Prisons to file a motion for compassionate release on his behalf, based on his mother's poor health and need for assistance; and (2) that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or that 30 days have lapsed since the warden received his request. *Id*. Therefore, his requested relief must be denied.

2

Second, Tatum has not shown that "extraordinary and compelling reasons warrant" a sentence reduction. *Id*. Tatum seeks a sentence reduction based on his claim that his mother is "very ill" and that she lives alone. *See* Motion for Reconsideration and Motion for Compassionate Release (doc. no. 184). He provides no further details about her condition or her need for assistance. United States Sentencing Guideline §1B1.13, the policy statement that defines "extraordinary and compelling circumstances," does not, by its terms, cover a parent's need for the incarcerated defendant's care. *See* U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1(C) (U.S. Sent'g Comm'n 2018) (U.S.S.G.) (allowing reductions for the death or incapacitation of the caregiver of the defendant's minor children and for the incapacitation of the defendant's spouse or partner when no one else is available to care for the person). But even assuming the court could find Tatum's mother's need for

3

care an "extraordinary and compelling reason," *see* U.S.S.G. § 1B1.13 cmt. n.1(D) (allowing reductions for reasons other than those specified), Tatum has not presented any *evidence* documenting his mother's health condition and its severity, or showing that she needs assistance with daily living and has no one else to help her.  Therefore, his requested relief is denied.

DONE, this the 30th day of November, 2020.

                                       /s/ Myron H. Thompson  
                                  UNITED STATES DISTRICT JUDGE