IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr109-MHT |
| | ) | (WO) |
| ANTONIO OSCAR TATUM | ) | |

ORDER

Upon consideration of defendant Antonio Oscar Tatum's motion for reconsideration and for compassionate release (Doc. 190), it is ORDERED that the motion is denied.

\*\*\*

This is Tatum's fourth motion for compassionate release. The court denied the three prior requests, two of which were brought for reasons distinct from the current motion. *See* Order (Doc. 181); Order (Doc. 185). The third was brought because of a delay in approving him for surgery. *See* Order (Doc. 188). This time, he argues that he is entitled to compassionate release because he was approved for surgery but was transferred to another prison before he could receive

the surgery and is still waiting for surgery.

Section 3582(c)(1)(A) states, in relevant part:

> "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A). Tatum has failed to meet the statutory requirements for a sentence reduction.

First, Tatum has not shown (1) that he presented a formal request to his facility's warden asking for the Bureau of Prisons to file a motion for compassionate release on his behalf, based on his need for surgery;

2

and (2) that (a) he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" <u>or</u> (b) 30 days have passed since the warden received his request. *Id*. Therefore, his motion must be denied.

Second, Tatum has not shown that "extraordinary and compelling reasons warrant" a sentence reduction. *Id*. Tatum reports that he has been waiting for months to undergo an ordered surgery, but he has not said what type of surgery he needs or what condition the surgery is designed to treat. However, without those facts, the court cannot determine whether the delay presents a compelling reason for a sentence reduction, or, in other words, whether and how much the delay endangers his health.

Therefore, Tatum's motion is denied with leave to renew if (1) he shows that he has (a) filed a formal request for compassionate release, based on the delay in obtaining surgery, with the warden of his facility

3

and (b) waited 30 days for a response or exhausted his appeals, and (2) he explains what medical problem the surgery will treat and how the delay in obtaining this surgery constitutes "extraordinary and compelling reasons" warranting a sentence reduction.

DONE, this the 16th day of July, 2021.

                                          /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**