IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    )<br>                              )<br>    v.                        )<br>                              )<br>ANTONIO OSCAR TATUM           ) | CRIMINAL ACTION NO.<br>   2:18cr109-MHT<br>       (WO) |

ORDER

This case is before the court on defendant Antonio Oscar Tatum's motion to reduce sentence. In the motion, he argues that his 100-month sentence should be reduced because the Bureau of Prisons has not provided him with surgery he needs or with rehabilitation programs, which he says the BOP has blamed on the COVID-19 pandemic. As legal support for his claim, he cites *United States v. Dones*, No. 3:18CR00246(JBA), 2021 WL 6063238 (D. Conn. Dec. 22, 2021) (Arterton, J.), in which a district court in Connecticut granted compassionate release to a federal prisoner pursuant to 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A) allows courts to reduce sentences upon the motion of the defendant only in very

limited circumstances. It states that a "court may not modify a term of imprisonment once it has been imposed except that—"

> "(A) the court, ... upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility*, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent

2

with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A) (italics added.)

Tatum has not shown that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion [for reduction in sentence] on the defendant's behalf." *Id*. In other words, he has not stated in his motion or shown by attaching a copy of his written request that (a) he made a written request for compassionate release to his facility's warden and (b) 30 days have passed since the warden received his request. Nor has he shown that he used the BOP's administrative-grievance procedure to appeal the warden's denial of his request for release. Finally, he has not shown that a sentencing reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. *See United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021); *United States v. Bryant*, 996 F.3d 1243 (11th Cir.

3

2021); United States Sentencing Guidelines § 1B1.13 (U.S. Sent'g Comm'n 2021).

***

Accordingly, it is ORDERED that defendant Antonio Oscar Tatum's motion to reduce sentence (Doc. 197) is denied.

DONE, this the 2nd day of May, 2022.

                                  /s/ Myron H. Thompson  
                                **UNITED STATES DISTRICT JUDGE**