IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )        2:18cr109-MHT
                            )             (WO)
ANTONIO OSCAR TATUM         )
```

ORDER

This case is before the court on defendant Antonio Oscar Tatum's sixth motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(a). For the reasons below, the motion will be denied.

In his motion, Tatum argues that his 100-month sentence should be reduced because his spouse, who reportedly is the sole caregiver of one or more of his children, has become incapacitated, and because he is his spouse's sole caregiver. Tatum provides no evidence or details to support his claim, such as a description of his spouse's medical or physical condition, the names or age of his children who are in her care, or who is caring for the children and his spouse now. The court notes that the 2019 presentence

investigation report, to which Tatum did not object, states that he has never been married and that, while he claimed to have up to 20 children, he was unable to provide the names, ages, or whereabouts of any of them to the investigating probation officer.  *See* Presentence Investigation Report  (Doc. 157) at 13, para. 52; *see also id*. at para. 54 (statement from Tatum's mother saying she did not believe he has any children).  Tatum has been incarcerated since the date of the report, so it is unclear how or when he could have gotten married.

Section 3582(c)(1)(A) allows courts to reduce sentences in only very limited circumstances.  It states, in relevant part, that a "court may not modify a term of imprisonment once it has been imposed except that—"

> "(A) the court, ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier, may reduce the term of imprisonment ..., after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction; or

    ...

    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A) (italics added.)  The applicable policy statement, U.S. Sentencing Guidelines (U.S.S.G.) § 1B1.13, defines "extraordinary and compelling circumstances" as including "[t]he ... incapacitation of the caregiver of the defendant's minor child or minor children[, and] ... [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, commentary n.(1)(C).  The policy statement also requires that the court find that "the defendant is not a danger to the safety of any other

3

person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

It is unclear whether Tatum exhausted his administrative remedies before filing his motion. He attached records to his motion showing that he emailed a request for compassionate release to Bureau of Prisons officials but received a response saying that his submission was insufficient.

Setting the exhaustion issue aside, given the lack of documentation in the record supporting Tatum's claimed marital status and relationship with his children, the court is unsure whether Tatum could show that he meets the substantive requirements of the Guidelines policy statement. Moreover, even if his claims about his family are accurate, given his history of serious mental illness and severe substance abuse and his lack of employment history, the court doubts that he currently has the ability to provide even minimally adequate care for his children or his spouse. There is also the question of whether Tatum is a danger

4

to the safety of the community. While his criminal history in largely nonviolent, he shows a pattern of committing crimes whenever he is out of prison.

In any case, the court need not decide whether Tatum has exhausted administrative remedies or whether he has met the requirements of the policy statement, because even if he were able to do so, the court would deny a sentence reduction based on application of the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to "consider[] the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable). Given the "history and characteristics of the defendant," § 3553(a)(1), and "the need for the sentence imposed ... to protect the public from further crimes of the defendant... and to provide the defendant with needed medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(C) and (D), the court finds that a sentence reduction would not be appropriate.

***

5

Accordingly, it is ORDERED that:

(1) Defendant Antonio Oscar Tatum's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. 199) is denied.

(2) Defendant Tatum's motion for a ruling and for appointed counsel (Doc. 200) is denied as moot.

DONE, this the 9th day of May, 2023.

                                                   /s/ Myron H. Thompson
                                               **UNITED STATES DISTRICT JUDGE**