IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr109-MHT |
| | ) | (WO) |
| ANTONIO OSCAR TATUM | ) | |

**ORDER**

This matter is before the court on defendant Anthony Oscar Tatum's motion to modify supervised release. Tatum requests that his term of supervised release be converted to a term of unsupervised release so he can leave this district and relocate to Colorado. He explains that he wishes to move because he feels unsafe in Montgomery and reports receiving threats against his life. The court held an evidentiary hearing on the motion on October 23, 2025. Based on the evidence and argument presented at the hearing, and for the following reasons, his motion will be denied, but the court is willing, upon request after a reasonable period of time, to revisit how Tatum is progressing in his compliance with the current conditions of supervised release.

On July 17, 2025, Tatum was released from the custody of the Federal Bureau of Prison after serving a sentence of approximately six years. He is about three and a half months into a three-year term of supervised release. As part of his supervised release, this court ordered Tatum to comply with various conditions. These conditions include, but are not limited to, maintaining a residence, maintaining employment, refraining from the use of alcohol and controlled substances, submitting to random drug testing, obtaining mental-health treatment, and--most relevant to his motion--refraining from leaving the Middle District of Alabama without prior authorization from this court or his probation officer.*

---

\* Tatum has complied with some, but not all, of these conditions. According to his probation officer, he has passed all drug screens, and even proactively sought out mental-health treatment with a provider located in Troy. However, Tatum chooses to remain without a residence and instead sleeps in his car. He has also refused to obtain employment, although he indicated he is applying for benefits. Finally, Tatum has missed one mental-health counseling appointment.

2

Tatum seeks to transition to unsupervised release so that he may leave this district.

District courts have the ability to "modify, reduce or enlarge the conditions of supervised release, and may do so "at any time prior to" the term ending. 18 U.S.C. § 3583(e)(2). When deciding whether to grant a modification, courts consult various factors like the history and characteristics of the defendant, the need to protect the public, and the need to provide the defendant with treatment and rehabilitation resources. *See id.* (citing 18 U.S.C. § 3553(a)).

At this time, the court will deny Tatum's request to transition to unsupervised release. The Supreme Court has made clear that the purpose of supervised release is rehabilitation. *See Esteras v. United States*, 606 U.S. \_\_, \_\_, 145 S. Ct. 2031, 2041 (2025); *see also United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life."). The need for

3

rehabilitation here is evident: Tatum has spent most of his adult life in and out of prison. To avoid further institutionalization, which is for Tatum's own benefit and protection of the general public, he needs steady access to rehabilitative services. *See* 18 U.S.C. § 3553(a)(2)(C) & (D). He is unlikely to be able to access those services in Colorado. While the District of Colorado's federal probation office could afford him access to services, it will not accept a transfer of Tatum's case unless he has a confirmed residence in Colorado. Tatum has no such residence. He has indicated that he would stay at a particular homeless shelter if permitted to relocate, but the shelter provides beds on a first-come-first-serve basis and cannot hold a bed in anticipation of Tatum's arrival. The court also does not credit statements that he is unsafe in Montgomery. Thus, in order to provide Tatum with the kind of "postconfinement assistance" that supervised release is designed to facilitate, he must remain, for now, here in

4

the Middle District of Alabama.  *See Johnson*, 529 U.S. at 60.

However, the court does recognize that Tatum has taken some steps toward rehabilitation.  Most notably, he proactively sought out and obtained a mental-health counselor without assistance from his probation officer.  The court commends this effort.  During the hearing, Tatum also expressed to the court that he does not wish to return to prison, and the court found this statement credible.  As such and as stated, the court is willing, upon request after Tatum and the Probation Department have had a substantial opportunity to work together toward his rehabilitation, to revisit how Tatum is progressing and whether his conditions of supervision should be modified.

**\*\*\***

Accordingly, it is ORDERED that defendant Anthony Oscar Tatum's motion to modify supervised release (Doc. 253) is denied.

DONE, this the 8th day of December, 2025.

                                       /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**